# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (Palm Beach County Division)

JIANXIN FONG,                                  )
                                               )
        Plaintiff,                             )   **CASE NO: 9:11-CV-80932**
                                               )
v.                                             )
                                               )
SCHOOL DISTRICT OF PALM                        )
BEACH COUNTY, FLORIDA,                         )
                                               )
        Defendant.                             )

## COMPLAINT

The Plaintiff, JIANXIN FONG, brings this Complaint against the Defendant, SCHOOL DISTRICT OF PALM BEACH COUNTY, FLORIDA, for employment discrimination and damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et. seq., and 42 U.S.C. Section 1981 and states and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. Sections 1331 and 1343. This civil action arises under the Constitution and Laws of the United States. Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et. seq., as amended, and 42 U.S.C. Section 1981.

2.     Venue is proper under 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3). This claim arose in all material respects within the State of Florida and County of Palm Beach and all acts complained of therein occurred within Palm Beach County, Florida and within the Southern District of Florida. The employment records relevant to such unlawful practices

complained of are maintained and administered in the Southern District of Florida.

## PARTIES

3.      Plaintiff, JIANXIN FONG, hereinafter referred to as Plaintiff or "FONG", is a woman whose country of origin is China and she currently resides within Palm Beach County, Florida at 12330 Sand Wedge Drive, Boynton Beach, Florida 33437.

4.      At all times material herein, Defendant, SCHOOL DISTRICT OF PALM BEACH COUNTY, FLORIDA, hereinafter referred to as "SCHOOL DISTRICT", has been and is a School District, created and existing pursuant to Article IX, Section 4 of the Constitution of the State of Florida and Chapter 228 of the Florida Statutes, with its principal business within the State of Florida, and it meets the definition of "employer" set forth in 42 U.S.C. Sections 2000e(b) and (h).

## PROCEDURAL REQUIREMENTS

5.      On or about August 17, 2009, Plaintiff filed a charge of discrimination that satisfied the requirement of 42 U.S.C. Section 2000e-5 with the Equal Employment Opportunity Commission ("EEOC").  Such charge was filed within one hundred eighty (180) days after one or more of the alleged unlawful employment practices in violation of 42 U.S.C. Section 2000e-2 had occurred.  A copy of the Charge of Discrimination is attached hereto as Exhibit "A" and the statements contained therein are incorporated herein by reference.

6.      On or about June 3, 2011, the EEOC issued a Dismissal and Notice of Right to Sue, stating that Plaintiff, JIANXIN FONG, could file a civil action under Title VII of the Civil Rights Act of 1964, as amended, within ninety (90) days from the receipt of such Notice. Plaintiff, JIANXIN FONG,  received a copy of such Notice on or about June 6, 2011.  Plaintiff

filed this Complaint within ninety (90) days after the date on which she received such Notice of Right to Sue.  Attached as Exhibit "B" is the Notice.

## CLAIM FOR RELIEF

## COUNT I – TITLE VII

7.      Plaintiff, JIANXIN FONG, previously attended the University of Miami in Coral Gables, Florida and graduated with a Ph.D. in mechanical engineering in 1992 and she subsequently became certified to teach in the state of Florida.

8.      Prior to August 2006, which was the start of the 2006-2007 school year for the Palm Beach County School District, Plaintiff, JIANXIN FONG, was recruited by Kathleen Perry, the former principal of the Boynton Beach Community High School and was hired as a math teacher for the 2006-2007 school year.

9.      Plaintiff, JIANXIN FONG, because of her Chinese ancestry, speaks English with a Chinese accent and at the time that she was originally hired to work in the School District she had a Chinese accent and was knowingly hired to teach high school mathematics to students at the Boynton Beach Community High School.

10.      Plaintiff, JIANXIN FONG, Chinese accent was not an issue when she was hired by the SCHOOL DISTRICT for the 2006-2007 school year.

11.      Plaintiff, JIANXIN FONG, signed a contract with the Defendant, SCHOOL DISTRICT, for that year and at the conclusion of that year her contract was renewed for the 2007-2008 school year by Principal Perry.

12.     Plaintiff, JIANXIN FONG, taught Geometry, Algebra II Honors and Consumer Math during her first year of employment and her Chinese accent was not an issue.

13.     Plaintiff, JIANXIN FONG, received positive reports from the SCHOOL DISTRICT in her evaluations during her first year.

14.     Under the School Districts Classroom Teacher Assessment System (CTAS) Plaintiff, JIANXIN FONG, received an overall satisfactory evaluation with acceptable "communication" (4) acceptable "Presentation of Subject Matter (3) acceptable learning environment" (6), and acceptable "working relationship with parents (13) for the 2006-2007 school year.  A copy of the CATS dated May 1, 2007 and signed by Principal Perry is attached as Exhibit "C".

15.     Plaintiff, JIANXIN FONG'S contract as a teacher was renewed for the 2007-2008 school year and she again taught Geometry, Algebra II honors, and Consumer Math and her Chinese accent was not an issue.

16.     Under the School Districts Classroom Teacher Assessment System (CTAS) Plaintiff, JIANXIN FONG, received an overall satisfactory evaluation with acceptable "communication" (4) acceptable "Presentation of Subject Matter (3) acceptable learning environment" (6), and acceptable "working relationship with parents (13) for the 2007-2008 school year.  A copy of the CATS dated May 6, 2008 and signed by Principal Perry is attached as Exhibit "D".

17.     Plaintiff, JIANXIN FONG'S contract as a teacher was renewed for the 2008-2009 school year and Plaintiff's Chinese accent was not an issue.

18.     Principal Kathleen Perry was moved to an administrative position at the end of the

2007-2008 school year and for the school year beginning in August 2008 she was replaced by new principal Keith Oswald, a white male who was previously in the New York School System.

19.    Principal Oswald came into Plaintiff, JIANXIN FONG'S classroom on one occasion in September of 2008 for about five (5) minutes and in a follow up meeting he told Plaintiff, JIANXIN FONG, she had a "very strong accent", that he could not understand her, and that she should record her voice and listen.  These comments were very upsetting from a new Principal.

20.    Plaintiff, JIANXIN FONG, advised him that she was born in China, was aware of her Chinese accent, that her accent did not interfere with her teaching, and that her students showed big learning gains in both FCAT tests and in their math classes.

21.    On November 24, 2008 Assistant Principal David Ferguson observed Plaintiff, JIANXIN FONG, under the SCHOOL DISTRICT CTAS evaluation system.  He was required to make written recommendations for improvements and present them to the Plaintiff within ten (10) days if he observed any deficiencies. Following that observation he reported no deficiency to Plaintiff, JIANXIN FONG, in the ten (10) days following the observation as was required by Collective Bargaining Agreement.

22.    If Principal Oswald and the SCHOOL DISTRICT believed that Plaintiff, JIANXIN FONG, had deficiencies in her abilities as a teacher this was the opportunity to make a written record, but Principal Oswald and the SCHOOL DISCTRICT failed to do so.

23.    Principal Oswald continued throughout the year to make comments to Plaintiff, JIANXIN FONG, about her Chinese accent and his alleged inability to understand her.  He also became critical of her teaching ability as a pretext to justify any future discriminatory

employment actions.

24.     Principal Oswald never formally observed the Plaintiff in the classroom as it required a minimum of 20 minutes of time.

25.     Principal Oswald came into the Plaintiff's class on only 2 occasions and never stayed in the Plaintiff's class for more than 5 minutes.

26.     From January 23, 2009 until March 2, 2009 the Plaintiff was on an authorized and approved leave of absence.  She resumed her teaching duties on March 3, 2009 until the end of the school year.

27.     Under the School Districts Classroom Teacher Assessment System (CTAS) Plaintiff, JIANXIN FONG, received an overall satisfactory evaluation with acceptable "communication" (4) acceptable "Presentation of Subject Matter (3) acceptable learning environment" (6), and acceptable "working relationship with parents (13) for the 2008-2009 school year.  A copy of the CATS dated May 18, 2009 and *signed by Principal Keith Oswald* is attached as Exhibit "E" with all acceptable ratings and blank comment sections.

28.     Yet seventeen (17) days earlier, on May 1, 2009, Principal Oswald notified Plaintiff, JIANXIN FONG, that her contract would not be renewed for the 2009-2010 school year.  Principal Oswald made his decision on or before April 22, 2009 when he drafted the non-renewal letter which is attached hereto as Exhibit "F" and which was presented to the Plaintiff on May 1, 2009.

29.     Between March 2, 2009 when Plaintiff, JIANXIN FONG, returned from her leave of absence and April 22, 2009 when Principal Oswald drafted the April 22, 2009 non-renewal letter (Exhibit "F") he did not evaluate the Plaintiff or present her with any written evaluation

identifying any areas that needed improvement.  This is because he already made up his mind about Plaintiff, JIANXIN FONG, in September 2008 when he first came into her class that he would not have a woman teaching math at his school with a Chinese accent.

30.    Plaintiff, JIANXIN FONG, asked if the non-renewal was because of her performance.  He stated:  "no", and then added "you are not fit for this school".  Plaintiff, JIANXIN FONG, asked Principal Oswald to explain what he meant by "not fit for this school" and he made no further comment.

31.    The truth is that Plaintiff, JIANXIN FONG, was at all times a highly qualified math teacher and this was confirmed by Gerre Wood, the NCLB/HQT Administration for the Defendant, SCHOOL DISTRICT OF PALM BEACH COUNTY, FLORIDA.  Attached as Exhibit "G" is a copy of her NCLB Highly Qualified Verification that Plaintiff, JIANXIN FONG, has met the NCLB Highly Qualified Standards for the Core Academic Areas of Mathematics 6-12.

32.    There is no written evaluation in which Plaintiff, JIANXIN FONG'S Chinese accent raised as an impediment to her teaching, and in no written evaluation after November 24, 2008 did the SCHOOL DISTRICT or Principal Oswald raise any performance issues.

33.    During the school year Principal Oswald and his staff continued to unfairly target Plaintiff, JIANXIN FONG, with comments that had no real merit as a pretext for the true motive; i.e. to remove a highly qualified mathematics instructor from the school because she had a Chinese accent when  she spoke English to her class.

34.    Defendant, SCHOOL DISTRICT, through its agent, Principal Oswald, used Plaintiff's national origin as one factor in the decision to not renew her contract.

7

35.     Plaintiff's national origin and her Chinese accent played a motivating part in Defendant's decision even though it raised other factors as the basis for the SCHOOL DISTRICT'S decision to not renew the Plaintiff's contract.

36.     After Principal Oswald would not renew her contract the Plaintiff, JIANXIN FONG, requested a meeting to get him, as the representative of the SHOOL DISTRICT, to reconsider.  At one point in the meeting he stated "you are a highly skilled math teacher, you have satisfactory evaluations, just go find another job".

37.     Principal Oswald was at all times acting in the course and scope of his position as a Principal of the Boynton Beach Community High School and his actions were done with the expressed and implied approval of high ranking officials of the SCHOOL DISTRICT or because they became the policy of the SCHOOL DISTRICT.

38.     At all times material Principal Oswald was acting on behalf of the SCHOOL DISTRICT which ratified his decision by not renewing the Plaintiff, JIANXIN FONG'S contract.

39.     Principal Oswald did not want a Chinese math teacher with a Chinese accent teaching math in his school.

40.     Principal Oswald and the SCHOOL DISTRICT discriminated against Plaintiff, JIANXIN FONG, based on her natural origin and Chinese accent when they decided not to renew the Plaintiff, JIANXIN FONG'S contract.

41.     From the beginning of his tenure as the Principal of Boynton Beach Community High School, Principal Oswald engaged in a continuing patter and practice of unlawful discrimination against the Plaintiff, JIANXIN FONG, in an attempt to remove her as a teacher in the SCHOOL DISTRICT before the start of her fourth year as the Plaintiff, JIANXIN FONG,

would then have become a tenured teacher and Principal Oswald would be stuck with a Chinese national teaching mathematics in his school.

42.     After not renewing the Plaintiff, JIANXIN FONG'S contract, Principal Oswald proceeded to hire a white male as the replacement math instructor who was less qualified than the Plaintiff, JIANXIN FONG, who has a Ph.D. in mechanical engineering.

43.     As a result of the discriminatory actions of the Defendant, the Plaintiff has been damaged and has sustained financial losses and pain and suffering.

## COUNT II – 42 U.S.C. SECTION 1981

Plaintiff re-adopts and re-alleges paragraphs 1-43 above as in fully set forth herein.

44.     Plaintiff was deprived of her rights under 42 U.S.C. Section 1981 and was denied equal protection under the laws by the Defendant when it did not renew her contract of employment for reasons relating to her national origin and Chinese accent.

45.     The Defendant, SCHOOL DISTRICT, through its agent, Principal Oswald, was responsible for making decisions in the subject area of personnel assignments for the coming school year including the renewal of the teacher's contract of the Plaintiff.

46.     The Defendant, SCHOOL DISTRICT, and Principal Oswald deliberately favored white teachers who spoke perfect English over a Chinese National who spoke with a Chinese accent, and discriminated against the Plaintiff on account of her race, her Chinese ancestry and her Chinese accent and thus denied Plaintiff equal protection of the laws in violation of the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1981.

9

47.     After not renewing the Plaintiff's teaching contract for the 2009-2010 school year, the Defendant, SCHOOL DISTRICT, through its agent Principal Oswald, hired a white male math teacher to replace the Plaintiff.

48.     Defendant, SCHOOL DISTRICT, chose to follow a course of action initiated by its agent, Principal Oswald, who was responsible for establishing the hiring and retention policy at the Boynton Beach Community High School with respect to the subject matter in question and the Defendant, SCHOOL DISTRICT, is liable for such actions.

49.     Plaintiff, JIANXIN FONG, race and national origin was a motivating factor in Defendant's decision to not renew the Plaintiff, JIANXIN FONG'S contract for the fourth year as Principal Oswald did not want a Chinese math teacher with a Chinese accent teaching in his school.

50.     Even if Plaintiff, JIANXIN FONG'S race and national origin were not the sole motivating factor or was not the primary motivating factor in the Defendant's decision, it was a motivating factor as the Plaintiff, JIANXIN FONG'S race and national origin played a part in the decision even though other factors may also have motivated the Defendant to not renew her contract.

51.     Defendant, SCHOOL DISTRICT, engaged in disparate treatment of the Plaintiff, JIANXIN FONG, by intentionally discriminating against her because of her race (oriental), national origin (Chinese), and foreign accent.

52.     As a direct, natural, foreseeable and proximate result of such actions, Plaintiff has suffered injuries and losses including a violation of her statutory rights, pain and suffering and extreme emotional distress, loss of ability to lead a normal life, all of which injuries and losses

are continuing and permanent in nature.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, JIANXIN FONG, requests that this Court issue an order as follows:

A.    Award Plaintiff damages including, but not limited to damages for lost wages and benefits, compensatory damages for pain and suffering, loss of ability to lead a normal life, loss of a tenured position, front pay, back pay, prejudgment interest and other benefits, and any other relief authorized by laws;

B.    Award Plaintiff the costs of this action and a reasonable attorney's fee pursuant to 42 U.S.C. Section 2000e-5(k) and Section 42 U.S.C. Section 1988;

C.    Retain jurisdiction over this action to ensure full compliance with the orders of this Court; and

D.    Grant Plaintiff any other relief deemed just and proper.


Dated this 17th day of August 2011.

_____S/ *Robert E. O'Connell*_____
ROBERT E. O'CONNELL, ESQ.
Florida Bar No.: 315842
ROBERT E. O'CONNELL, P.A.
Email Address: reo@reo-law.com
1499 W. Palmetto Park Road, Suite 416
Boca Raton, Florida 33486
Telephone: 561-999-3250

11

## SERVICE LIST

**Jianxin Fong v. School District of Palm Beach County, Florida**
**Case No.:**
**United States District Court, Southern District of Florida**

| | |
|---|---|
| Robert E. O'Connell, Esquire<br>Florida Bar No.: 315842<br>Email Address:  reo@reo-law.com<br>ROBERT E. O'CONNELL, P.A.<br>1499 West Palmetto Park Road<br>Suite 416<br>Boca Raton, Florida 33431<br>Telephone:      561-999-3250<br>Facsimile:      561-999-3249<br>Attorneys for Plaintiff Jianxin Fong<br>[by electronic service] | |